UNITED STATES of America,
Plaintiff–Appellee,

v.

Pablo QUINONEZ–TERRAZAS,
Defendant–Appellant.

No. 95–10610.

United States Court of Appeals,
Fifth Circuit.

April 9, 1996.

Denise B. Williams, Office of the United States Attorney, Lubbock, TX, for plaintiff-appellee.

Helen Miller Liggett, Assistant Federal Public Defender, Office of the Federal Public Defender, Lubbock, TX, for defendant-appellant.

Before WISDOM, EMILIO M. GARZA and PARKER, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Pablo Quinonez–Terrazas ("Quinonez") pleaded guilty to one count of reentry after deportation, in violation of 8 U.S.C. § 1326. Pursuant to U.S.S.G. § 2L1.2, the presentence report added sixteen offense levels to the base offense level because Quinonez had been deported following a conviction for an aggravated felony. The conviction at issue was for aggravated assault of a law enforcement officer in Kansas, for which Quinonez received an indeterminate sentence of four to ten years' imprisonment. Adopting the presentence report, the district court sentenced Quinonez to seventy-eight months' imprisonment.

Quinonez asserts that the district court erred in determining that his prior conviction was an aggravated felony under U.S.S.G. § 2L1.2. We review *de novo* the district court's application and legal interpretation of the Sentencing Guidelines. *United States v. Domino*, 62 F.3d 716, 719 (5th Cir.1995). Section 2L1.2 states, "If the defendant previously was deported after a conviction for an aggravated felony, increase by 16 levels." U.S.S.G. § 2L1.2(b)(2). The commentary to the guidelines defines "aggravated felony" as "any crime of violence . . . for which the term of imprisonment imposed (regardless of any suspension of such imprisonment) is at least five years." U.S.S.G.

§ 2L1.2, comment. (n. 7). Quinonez does not dispute that his prior conviction was for a crime of violence. Rather, Quinonez contends that because he was sentenced to an *indeterminate* sentence of four to ten years' imprisonment, he was not sentenced to "at least five years" imprisonment for purposes of § 2L1.2. Whether the upper end of an indeterminate sentence should be used to determine the length of a sentence for purposes of § 2L1.2 is an issue of first impression in this circuit.

■ We begin by noting that an indeterminate sentence is defined as, "A sentence to imprisonment for the maximum period defined by law, subject to termination ... at any time after service of the minimum period." *Black's Law Dictionary* 694 (5th ed. 1979); *see also Baughman v. United States,* 450 F.2d 1217, 1220 (8th Cir.1971) ("Indeterminate sentences have long been held sentences for the maximum term for which the defendant might be imprisoned.") (internal quotation marks omitted), *cert. denied,* 406 U.S. 923, 92 S.Ct. 1791, 32 L.Ed.2d 123 (1972). This definition is consistent with the instructions for computing a defendant's criminal history category, pursuant to U.S.S.G. § 4A1.1. The commentary to U.S.S.G. § 4A1.2 states:

> For purposes of applying § 4A1.1(a), (b), or (c), the length of a sentence of imprisonment is the stated maximum (e.g., ... in the case of an indeterminate sentence for a term not to exceed five years, the stated maximum is five years ...).

U.S.S.G. § 4A1.2, comment. (n. 2). Quinonez contends that the commentary's introductory clause specifically limits it application to § 4A1.1. Quinonez also urges us not to apply this commentary to § 2L1.2 because there are "inconsistencies between Application Note 7 to U.S.S.G. § 2L1.2 and Application Note 2 to U.S.S.G. § 4A1.1 which demonstrate that they are inherently incompatible."

Having reviewed the commentary to both sections, we find no irreconcilable inconsistency between the two, and conclude that it is entirely proper to use §§ 4A1.1–2 in determining whether an indeterminate sentence qualifies as an aggravated felony for purposes of § 2L1.2. The commentary to § 4A1.2 merely restates the common law definition of an indeterminate sentence, and we believe that it is reasonable to treat a prior indeterminate sentence in the same manner for the purpose of calculating the offense level under § 2L1.2 as for the purpose of determining the criminal history category under § 4A1.1. *See United States v. Ortiz–Gutierrez,* 36 F.3d 80, 82 (9th Cir.1994) (concluding that it makes sense to treat prior sentences in the same manner under both sections because they both "determine the extent to which prior convictions affect a defendant's sentence for the current offense").[1] Accordingly, we conclude that the district court did not err in determining that Quinonez's prior conviction for an indeterminate sentence of four to ten years' imprisonment was an aggravated felony under U.S.S.G. § 2L1.2.

For the foregoing reasons, we AFFIRM.

---

1. *See also United States v. Reyes–Castro,* 13 F.3d 377, 379–80 (10th Cir.1993) (applying upper end of indeterminate state conviction for purposes of determining aggravated felony under 8 U.S.C. § 1101(a)(43), which defines aggravated felony in the same manner as U.S.S.G. § 2L1.2); *Nguyen v. INS,* 53 F.3d 310, 311 (10th Cir.1995) (concluding that it was reasonable and permissible to measure an indeterminate sentence "by the possible maximum term of imprisonment" for purposes of 8 U.S.C. § 1101(a)(43), and noting that this was consistent with U.S.S.G. § 4A1.2(b)(1)).