UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-51212
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS GILBERTO CADENA-GUERRERO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
(EP-98-CR-1019)
_____

December 20, 1999

Before JONES, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Appellant Cadena pled guilty to illegal re-entry after deportation and was sentenced to 46 months in prison with three years of non-reporting supervised release. Following his guilty plea, Cadena filed a motion for downward departure pursuant to U.S.S.G. § 2L1.2, application note 5. The district court denied the departure motion and sentenced Cadena to 46 months imprisonment. Cadena has appealed.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court reviews the district court's application and interpretation of the Sentencing Guidelines de novo and its findings of fact for clear error. United States v. Montoya-Ortiz, 7 F.3d 1171, 1179 (5th Cir. 1993). However, this court has jurisdiction to review a defendant's challenge to a sentence only if it was imposed in violation of law, imposed as a result of an incorrect application of the Guidelines, resulted from an upward departure, or was unreasonably imposed for an offense not covered by the sentencing guidelines. United States v. DiMarco, 46 F.3d 476, 477 (5th Cir. 1995)(citing 18 U.S.C. § 3742). "The imposition of a lawful sentence coupled with the decision not to depart from the guidelines provides no ground for relief." Id. (citing United States v. Miro, 29 F.3d 194, 198-99 (5th Cir. 1994)). In this case, jurisdiction lies only if the sentencing court's refusal to depart downward resulted from a violation of law or misapplication of the Guidelines. Id. In addition, a refusal to depart downward is a violation of law only if the court mistakenly assumes that it lacks authority to depart. United States v. Burleson, 22 F.3d 93, 95 (5th Cir. 1994). Furthermore, "something in the record must indicate that the district court held such an erroneous belief." United States v. Landerman, 167 F.3d 895, 899 (5th Cir. 1999). In this case, the district court indicated that it lacked authority to depart downward, and this court has jurisdiction to review whether the refusal was proper.

The base offense level for the crime of illegal reentry is eight.  U.S.S.G. § 2L1.2(a).  But Cadena's base level was increased by 16 levels since Cadena had reentered the United States after being deported for committing an aggravated felony.  In October 1997, Cadena had been convicted of possession with intent to distribute marijuana, which is an aggravated felony under 8 U.S.C. § 1101(a)(43).  Cadena received a 16 month suspended sentence for the possession offense.

> Application note 5 of § 2L1.2 provides that if:
>
> (A) the defendant has previously been convicted of only one felony offense; (B) such offense was not a crime of violence or firearms offense; and (C) the term of imprisonment imposed for such offense did not exceed one year, a downward departure may be warranted based on the seriousness of the aggravated felony.

Cadena does not dispute the 16-level enhancement since he admits he was deported after being convicted for an aggravated felony.  The Government does not dispute that the felony was a single, non-violent offense.  Thus, the only issue on appeal is whether a suspended sentence for an aggravated felony constitutes a "term of imprisonment imposed."

Although this is an issue of first impression in this circuit, the answer is easy.  Application note 5 does not define "term of imprisonment imposed", nor does it explicitly incorporate the definition set out in § 1101(a)(48)(B).  Cadena's argument rests on application notes and amendments to the guidelines alone,

3

which, he asserts, show that "term of imprisonment" should be read as term of imprisonment <u>served</u> as opposed to <u>imposed</u>.

The government contends, however, that the meaning of "term of imprisonment imposed" is determined by 8 U.S.C. § 1101(a)(48)(B), which provides:

> Any reference to a term of imprisonment or a sentence with respect to an offense is deemed to include the period of incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part.

Since § 2L1.2 defines aggravated felony in relation to § 1101(a)(43), the Government argues that the definition of "term of imprisonment" set out in § 1101(a)(48)(B) also applies. As a result, a term of imprisonment includes a period of incarceration "regardless of any suspension of the imposition or execution of that sentence."

The government's position was essentially adopted by this court in <u>United States v. Banda-Zamora</u>, which concluded that "§ 1101 offers a series of definitions applicable to the entire chapter [such that] the definition in § 1101(a)(48)(B) applies recursively" to the other definitions in § 1101(a)(43). 178 F.3d 728, 730 (5th Cir. 1999). Thus, "[a]ny reference to a term of imprisonment ... with respect to an offense" refers to any offense defined in chapter § 1101. As noted, § 2L1.2 defines aggravated felony in relation to § 1101(a)(43), and Cadena admits that his prior possession charge falls within the § 1101(a)(43) definition.

Since application note 5 refers to a term of imprisonment imposed with respect to an offense defined by § 1101(a)(43), § 1101(a)(48)(B) applies. As a result, the "term of imprisonment imposed" in § 2L1.2 includes suspended sentences (i.e., the sentence imposed regardless of any suspension of the imposition or execution of that imprisonment).

The Tenth Circuit has previously adopted this reasoning. See United States v. Chavez-Valenzuela, 170 F.3d 1038 (10th Cir. 1999). And before the amendment of the guidelines on which Cadena relies, other circuit courts which addressed "term of imprisonment" under of § 2L1.2 took it to mean the sentence imposed, regardless of suspensions, rather than the time actually served. See United States v. Galicia-Delgado, 130 F.3d 518, 520 (2d Cir. 1997); United States v. Ramos-Garcia, 95 F.3d 369, 371-72 (5th Cir. 1996), cert. denied, 519 U.S. 1083 (1997); United States v. Cordova-Beraud, 90 F.3d 215, 218-19 (7th Cir. 1996). The changes made by the 1996 amendments do not suggest that the legislature meant to replace this understanding of the term.

Cadena is not entitled to a downward departure under § 2L1.2 if a term of imprisonment of more than one year was imposed for his prior aggravated felony. Since § 2L1.2 defines aggravated felony in relation to § 1101(a)(43), and since § 1101(a)(48)(B) applies recursively, "term of imprisonment imposed" includes suspended sentences. Accordingly, the sentence is AFFIRMED.

5