# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

No. 99-50712
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARTIN MORENO-RODRIGUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-98-CR-1314-1
_____

January 12, 2000

Before POLITZ, HIGGINBOTHAM and WIENER, Circuit Judges.

PER CURIAM:[*]

Martin Moreno-Rodriguez appeals his sentence after pleading guilty to illegal reentry under 8 U.S.C. § 1326. He contends that the district court erred in determining that it lacked the authority to depart downward under Application Note 5 of U.S.S.G. § 2L1.2. He maintains that the phrase "term of imprisonment imposed," as used in

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Application Note 5, does not include portions of sentences that are suspended. Our review of the record and briefs persuades that we should affirm.

The record reflects that Moreno's Pennsylvania sentence, rather than being a suspended sentence, was actually an indeterminate sentence of not less than 84 days and not more than 23 months.[1] Moreno has not demonstrated otherwise.[2] Because the upper end of an indeterminate sentence is used when determining the length of a sentence for purposes of § 2L1.2,[3] the district court did not err either in determining that Moreno's "term of imprisonment" exceeded one year or in concluding that Moreno did not qualify for a downward departure.[4]

AFFIRMED.

---

[1] **United States v. Quinonez-Terrazas**, 86 F.3d 382 (5th Cir. 1996).

[2] **United States v. Cano-Guel**, 167 F.3d 900, 906 (5th Cir. 1999) ("A defendant must affirmatively demonstrate to the district court that he is entitled to the downward departure."); **United States v. Cuellar-Flores**, 891 F.2d 92, 93 (5th Cir. 1989)("As to mitigating or sentence-reducing factors, the defendant bears the burden of proof.").

[3] **Quinonez-Terrazas**, 86 F.3d at 383.

[4] § 2L1.2, comment. (n.5).