# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 25, 2013

No. 11-11173

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ANTONIO FLETCHER,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
3:11-CR-42-1

Before DeMOSS, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Appellant Antonio Fletcher appeals the imposition of a 51 month sentence of imprisonment, arguing that the district court erred by including a juvenile conviction in Fletcher's criminal history score. Because any error by the district court was not plain, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-11173

## I.

On December 6, 2011, Antonio Fletcher pleaded guilty to possession of a firearm by a convicted felon. The presentence report (PSR) indicated that Fletcher had three prior Texas state criminal convictions, including assault, criminal mischief, and aggravated robbery. On January 16, 2003, Fletcher was placed on one year of probation for the assault and criminal mischief offenses. While on probation, Fletcher was arrested for aggravated robbery. His probation was revoked on November 13, 2003, and Fletcher was committed to the Texas Youth Commission (TYC) for an indeterminate term. On January 20, 2004, Fletcher pleaded guilty as an adult to the aggravated robbery and was sentenced to six years imprisonment. Fletcher was subsequently discharged from TYC custody on February 6, 2004, and was immediately incarcerated by the Texas Department of Criminal Justice (TDCJ) to serve his sentence for the aggravated robbery offense. On September 9, 2009, Fletcher was discharged from TDCJ without parole. On February 7, 2010, Fletcher committed the instant offense of felon in possession of a firearm.

For sentencing on the instant offense, Fletcher was assigned two criminal history points for the juvenile assault conviction pursuant to U.S. Sentencing Guidelines Manual § 4A1.2(d)(2)(A), which directs courts to add two points "for each adult or juvenile sentence to confinement of at least sixty days if the defendant was released from such confinement within five years of his commencement of the instant offense." No criminal history points were initially assigned to Fletcher's juvenile adjudication of criminal mischief conviction.[1]

---

[1] Because Fletcher's juvenile assault conviction was a misdemeanor, the assignment of criminal history points to this conviction was incorrect. The Government argued at sentencing, however, that the court could assign two criminal history points to Fletcher's felony juvenile criminal mischief conviction. Fletcher did not challenge the imposition of two criminal history points on these grounds and the criminal history points were subsequently

No. 11-11173

Fletcher filed written objections to the PSR, objecting to the assignment of the two criminal history points for his juvenile conviction. The Government responded that when Fletcher received an indeterminate sentence he was committed to the TYC until his twenty-first birthday. *See In re J.H.*, 150 S.W.3d 477, 480 n.1 (Tex. App.—Austin 2004, pet denied) ("An indeterminate sentence . . . commits a juvenile . . . until at most the juvenile's twenty-first birthday.") (citing TEX. HUM. RES. CODE ANN. § 61.084). The government further asserted that under Fifth Circuit case law, the maximum possible term under an indeterminate sentence determines the length of the sentence imposed, and not the amount of time actually served. *See United States v. Quinonez-Terrazas*, 86 F.3d 382, 383 (5th Cir. 1996). Thus, the government argued, Fletcher's sentence for criminal mischief sentence ended on his 21st birthday, May 6, 2007, which was within five years of the commencement of the instant firearm offense on February 7, 2010.

At sentencing, Fletcher repeated his written objection to the assignment of two criminal history points based on his juvenile criminal mischief conviction. The district court asked whether Fletcher's counsel agreed with the Government that an indeterminate juvenile sentence ends on the prisoner's twenty-first birthday. Fletcher's counsel answered: "I am acknowledging . . . current Fifth Circuit case law." The district court asked again whether the Government had correctly represented this court's case law, and counsel agreed that under the cited law the two levels "could be assessed." The district court stated, "[t]hat is another way of saying they are right without agreeing with them" and overruled Fletcher's objection to the assignment of the criminal history points for the juvenile adjudication. Fletcher's level–20, category III sentencing guidelines range was 41–51 months of imprisonment. The district court imposed a 51

---

assigned on the basis of the juvenile criminal mischief conviction.

No. 11-11173

month sentence of imprisonment, finding that such sentence "would be fair and reasonable under the circumstances of this case."

## II.

This court reviews a district court's guidelines interpretations de novo and reviews findings of fact for clear error. *United States v. Le*, 512 F.3d 128, 134 (5th Cir. 2007). If a defendant does not challenge the application of the guidelines before the district court, this court reviews for plain error only. *See United States v. Krout*, 66 F.3d 1420, 1434 (5th Cir. 1995).

## A.

On appeal, Fletcher asserts that the district court erred when imposing two criminal history points for his juvenile conviction, arguing that he completed his indeterminate sentence on the juvenile conviction when discharged from TYC custody in 2004, which was not within five years of the commencement of the 2010 firearm offense. The Government argues that Fletcher waived any argument that the district court erred by imposing two criminal history points for the juvenile conviction because Fletcher conceded that the imposition of the criminal history points was correct under this court's case law. Fletcher contends that although he agreed that our case law supported the government's position, he maintained his general objection to the imposition of the two criminal history points.

At sentencing, Fletcher's counsel had the following exchange with the district court:

> COUNSEL: [T]he two points should not have been assessed for the misdemeanor juvenile offense. I do recognize the case law that the government has submitted with regard to the indeterminate sentence and would renew our objection and rest on the written materials.

COURT: . . . I want to make certain what your position is. . . . [W]hat is your position with respect to the government's response [in regard to indeterminate sentences]?

COUNSEL: Your Honor, the Fifth Circuit case law cited by the government does discuss indeterminate sentences, and it would appear that the indeterminate sentence that Mr. Fletcher was subject to . . . would have lasted into the five-year time period for the indigent offense,  and so the defense agrees that those two levels could be assessed.

COURT: All right, just so the record is clear, you in essence agree[ ] with the government, is that correct?

COUNSEL: I am acknowledging . . . the current Fifth Circuit case law.

A defendant waives an issue through "the intentional relinquishment of a known right." *United States v. Arviso-Mata*, 442 F.3d 382, 384 (5th Cir. 2006). An issue is forfeited through "the failure to make the timely assertion of a right." *Id*. "Forfeited errors are reviewed under plain error standard; waived errors are entirely unreviewable." *Id*.

When pressed, Fletcher agreed that the case law cited by the government would foreclose a challenge to the imposition of the criminal history points when the relevant release date was Fletcher's twenty-first birthday. But in context, Fletcher did not intentionally relinquish his right to challenge the imposition of the two criminal history points such that his sentence is not reviewable. However, the specific objection Fletcher raises on appeal, whether the imposition of the criminal history points was correct based on his release date from TYC custody, was not raised before the district court. "[O]bjections that are too vague are reviewed on appeal for plain error because they cannot alert the court to the legal argument the party now presents." *See United States v. Dominguez-*

No. 11-11173

*Alvarado*, 695 F.3d 324, 327-28 (5th Cir. 2012) (internal quotation marks and alterations omitted); *see also United States v. Rodriguez,* 15 F.3d 408, 414 (5th Cir. 1994) ("A party must raise a claim of error with the district court in such a manner so that the district court may correct itself and thus, obviate the need for our review." (internal quotation marks omitted)). Thus our review of this issue is for plain error only. *Id.*

**B.**

To establish plain error, Fletcher must show (1) an error (2) that is plain or obvious and (3) that affected his substantial rights. *See United States v. Olano*, 507 U.S. 725, 732–37 (1993); *United States v. Infante*, 404 F.3d 376, 394 (5th Cir. 2005). Even if Fletcher can demonstrate plain error, this court has the discretion to remedy the error "only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (quotation marks and internal marks omitted).

Fletcher argues that the relevant date for determining whether he was released from confinement on his juvenile conviction within five years of committing the instant firearm offense was the date he was released from TYC custody. Fletcher asserts that because he was released from TYC custody on February 6, 2004, his release was more than five years before he committed the instant firearm offense and thus the two criminal history points cannot be assessed. The government responds that there is no Fifth Circuit case law addressing whether a discharge from juvenile custody constitutes a release within the meaning of the sentencing guidelines and therefore any alleged error cannot be plain or obvious.

Because this court has not resolved whether a discharge from TYC custody into TDCJ custody for a prisoner to serve a new, adult sentence constitutes a release under § 4A1.2, any alleged error on the part of the district court was not plain. *See United States v. Jackson*, 549 F.3d 963, 978 (5th Cir. 2008) (finding

No. 11-11173

that an error was not plain when it involved an issue of first impression). Because Fletcher has not demonstrated an error that was plain or obvious, there is no plain error. His sentenced is affirmed.

AFFIRMED.