UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ERNESTO CHAVEZ-VALENZUELA,
also known as Ernesto Chavez-
Quintero,

      Defendant-Appellant.

No. 98-4029

ORDER

Filed March 26, 1999

Before **BALDOCK, EBEL** and **MURPHY**, Circuit Judges.

Appellee's motion to publish the order and judgment filed on October 14, 1998, is granted.

                          Entered for the Court

                          Patrick Fisher, Clerk of Court

                          By:  Keith Nelson
                                Deputy Clerk

**F I L E D**
United States Court of Appeals
Tenth Circuit

**OCT 14 1998**

**PATRICK FISHER**
Clerk

**PUBLISH**

## UNITED STATES COURT OF APPEALS

## TENH CIRCUIT

---

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

ERNESTO CHAVEZ-VALENZUELA,
also known as Ernesto Chavez-
Quintero,

     Defendant-Appellant.

No. 98-4029

---

**Appeal from the United States District Court
for the District Utah
(D.C. No. 97-CR-296-J)**

---

Submitted on the briefs:[*]

Richard Mauro, Salt Lake City, for Defendant-Appellant.

Paul M. Warner, United States Attorney and Mark K. Vincent, Assistant United States Attorney, Salt Lake City, Utah, for Plaintiff-Appellee.

---

Before **BALDOCK, EBEL** and **MURPHY**, Circuit Judges.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause therefore is ordered submitted without oral argument. Appellee's motion to publish the order and judgment filed on October 14, 1998, is granted.

**EBEL**, Circuit Judge.

On September 24, 1997, the government charged Ernesto Chavez-Valenzuela with unlawful reentry of a deported alien in violation of 8 U.S.C. § 1326, and filed a Notice of Sentencing Enhancement due to a prior "aggravated felony" for possession of a controlled substance. Chavez-Valenzuela subsequently entered a guilty plea to the illegal entry charge, and moved for a downward departure under United States Sentencing Guidelines ("USSG") § 2L1.2, comment. n.5 ("Application Note 5"). The district court denied the motion, finding that Application Note 5 was inapplicable. Chavez-Valenzuela appeals. We affirm.

We have jurisdiction to review the district court's legal conclusion regarding the applicability of Application Note 5. See United States v. Castillo, 140 F.3d 874, 887-88 (10th Cir. 1998). We review the district court's interpretation and application of the Sentencing Guidelines de novo. See United States v. Pappert, 112 F.3d 1073, 1078 (10th Cir. 1997).

USSG § 2L1.2(b)(1)(A) mandates a sentencing enhancement of 16 levels for unlawful reentry after a criminal conviction for an aggravated felony. However, Application Note 5 provides that if

> (A) the defendant has previously been convicted of only one felony
> offense; (B) such offense was not a crime of violence or firearms

offense; and (C) the term of imprisonment imposed for such offense did not exceed one year, a downward departure may be warranted based on the seriousness of the aggravated felony.

For possession of a controlled substance, a Utah state court sentenced Chavez-Valenzuela to a term "not to exceed five years," but stayed the sentence and placed him on 36 months' probation on terms which included 45 days in jail. The district court, finding that Chavez-Valenzuela's "term of imprisonment" under criterion (C) was five years, the maximum of his indeterminate sentence,[1] held Application Note 5 to be inapplicable.

On appeal, Chavez-Valenzuela contends that his "term of imprisonment" was 45 days, his actual time served. He analogizes "term of imprisonment" in Application Note 5 to "sentence of imprisonment" in USSG § 4A1.2(b). Although § 4A1.2(b)(1) defines "sentence of imprisonment" for purposes of computing criminal history as "the maximum sentence imposed," § 4A1.2(b)(2) specifically excludes any portion of the sentence that was suspended. Chavez-Valenzuela argues that the portion of his sentence not suspended, and therefore his "term of imprisonment," was forty-five days.

---

[1]An indeterminate sentence is a "sentence to imprisonment for the maximum period defined by law, subject to termination . . . at any time after service of the minimum period." United States v. Reyes-Castro, 13 F.3d 377, 380 (10th Cir. 1993) (quoting Black's Law Dictionary 694 (5th ed. 1979)).

We disagree. As the government points out, the more appropriate definition of "term of imprisonment" can be found at 8 U.S.C. § 1101(48), within the definitional section of Chapter 12—the "Immigration and Nationality" chapter of Title 8 which encompasses Chavez-Valenzuela's crime of illegal reentry under § 1326. § 1101(48) provides:

> Any reference to a term of imprisonment or sentence with respect to an offense is deemed to include the period of incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that sentence of imprisonment in whole or in part.

In addition to this statutory definition, other circuits which have addressed the phrase "term of imprisonment" in the context of a prior version of § 2L1.2[2] have taken it to mean the sentence imposed, regardless of any suspension, rather than the time actually served. See United States v. Galicia-Delgado, 130 F.3d 518, 520 (2d Cir. 1997); United States v. Cordova-Beraud, 90 F.3d 215, 218-19 (7th Cir. 1996); United States v. Ramos-Garcia, 95 F.3d 369, 371-72 (5th Cir. 1996), cert. denied 117 S. Ct. 751 (1997). Thus, we hold that Chavez-Valenzuela's

---

[2]The present version of § 2L1.2 became effective on November 1, 1997. See USSG Manual, App. C, amend. 562 (1998). The prior version did not contain the current Application Note 5, but did contain the phrase "term of imprisonment" in another application note, one defining aggravated felony to include "any crime of violence . . . for which the term of imprisonment imposed (regardless of any suspension of such imprisonment) is at least five years." Id. (quoting deleted Application Note 7).

"term of imprisonment" was the sentence imposed by the state court, not the 45 days he actually served.

As the state court sentenced Chavez-Valenzuela to a term of imprisonment "not to exceed five years," we need to decide whether this indeterminate sentence "did not exceed one year" as required by criterion (C) of Application Note 5. We conclude that Chavez-Valenzuela's term of imprisonment did exceed one year, and was in fact five years, because we measure the term of imprisonment for an indeterminate sentence by the possible maximum term of imprisonment. See United States v. Reyes-Castro, 13 F.3d 377, 379-80 (10th Cir. 1993) (finding that indeterminate sentence "not to exceed five years" was term of imprisonment of five years); see also Nguyen v. I.N.S., 53 F.3d 310, 311 (10th Cir. 1995) (approving Board of Immigration Appeals' measurement of indeterminate sentence by possible maximum term of imprisonment); Galicia-Delgado, 130 F.3d at 520-21 (upholding § 2L1.2 enhancement on ground that sentence of two and a half to seven and a half years constituted term of imprisonment of at least five years, and observing that "for more than a century, sentences for variable or unspecified periods have been treated as sentences for the maximum period specified"); Cordova-Beraud, 90 F.3d at 218-20 (upholding § 2L1.2 enhancement on ground that indeterminate sentence of two to ten years constituted term of imprisonment of at least five years because "the upper bound of an indeterminate

- 5 -

sentence" is controlling); <u>United States v. Quinonez-Terrazas</u>, 86 F.3d 382, 382-83 (5th Cir. 1996) (upholding § 2L1.2 enhancement on ground that sentence of four to ten years constituted term of imprisonment of at least five years).

Since Chavez-Valenzuela's five-year term of imprisonment exceeded the one-year maximum specified in Application Note 5, the district court properly refused to consider whether to grant Chavez-Valenzuela a downward departure under that provision.

The judgment of the district court is therefore AFFIRMED.