**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 3 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SERGIO SALDANA-DUARTE,

Defendant - Appellant.

No. 99-4004
(D. Ct. No. 98-CR-237-W)
(D. Utah)

**ORDER AND JUDGMENT** *

Before **TACHA**, **MCKAY**, and **HENRY**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel

has determined unanimously that oral argument would not be of material

assistance in the determination of this appeal.    See Fed. R. App. P. 34(a)(2); 10th

Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Sergio Saldana-Duarte appeals the district court's enhancement of his sentence for illegal re-entry based on a prior conviction. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(2), and affirm.

**I.**

On February 22, 1996, defendant, an illegal alien, pled guilty in Utah state court to an aggravated felony. On the same day, defendant signed a "Statement Before Pleading Guilty," indicating that he understood the charges against him and that he was waiving his right to a jury trial and his presumption of innocence. The document further indicated that defendant understood his plea could result in a five-year prison sentence. The state court judge signed a document entitled "Arraignment -- Guilty Plea," which indicated that defendant had pled guilty and waived his right to be sentenced at the time prescribed by statute. The judge also signed defendant's Statement Before Pleading Guilty. The date stamps on both of these documents reveal that they were filed in the Fourth Judicial District Court of Utah County, State of Utah, on February 22, 1996.

The Immigration and Naturalization Service (INS) deported defendant on April 5, 1996. At the time of his deportation, defendant had not yet been sentenced on the aggravated felony charge. In July 1996, defendant illegally re-entered the United States. Shortly thereafter, Utah police arrested him. On December 5, 1996, the Utah state court sentenced defendant on the aggravated

felony charge. The judge signed a document entitled "Judgment, Sentence and Commitment (Guilty Plea)," memorializing defendant's sentence.

In April 1998, the INS learned that defendant was incarcerated in a Utah prison, and the United States indicted him for illegal re-entry in violation of 8 U.S.C. § 1326. The Government also filed a notice of sentencing enhancement pursuant to 8 U.S.C. § 1326(b)(2) based on defendant's aggravated felony conviction. Defendant pled guilty to illegal re-entry, and his presentence report recommended a sentence enhancement based on his prior conviction. Defendant objected to the enhancement. The district court denied defendant's objection and imposed a sixteen-level enhancement pursuant to U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 2L1.2(b)(1)(A) (1998).

## II.

We review de novo questions of law regarding application of the Sentencing Guidelines. United States v. Spencer, 178 F.3d 1365, 1367 (10th Cir. 1999). We review for clear error the district court's factual findings, "mindful of our obligation to give due deference to the district court's application of the guidelines to the facts." Id. (internal quotation marks omitted); see 18 U.S.C. § 3742(e).

8 U.S.C. § 1326(b)(2) mandates that an alien who is deported "subsequent to a conviction for commission of an aggravated felony" and then illegally re-

enters the country shall be fined or imprisoned for up to twenty years, or both.

Defendant argues that because he was not      sentenced  on the felony charge prior to

his deportation, his felony plea does not qualify as a "conviction."  Specifically,

he contends that his aggravated felony plea does not meet the "conviction"

definition set forth in the Illegal Immigration Reform and Immigrant

Responsibility Act of 1996 (IIRIRA).

IIRIRA provides:

> The term "conviction" means, with respect to an alien,
> [1] a formal judgment of guilt of the alien entered by a
> court or, [2] if adjudication of guilt has been withheld,
> where–
>> (i) a judge or jury has found the alien guilty
>> or the alien has entered a plea of guilty or nolo
>> contendere or has admitted sufficient facts to
>> warrant a finding of guilt, and
>> (ii) the judge has ordered some form of punishment,
>> penalty, or restraint on the alien's liberty to be
>> imposed.

8 U.S.C. § 1101(a)(48)(A).  We conclude that the Utah state court entered a

"formal judgment of guilt" against defendant when the court accepted defendant's

guilty plea, signed both the Arraignment – Guilty Plea and defendant's Statement

Before Pleading Guilty, and made those documents part of the record.  Defendant

thus was deported subsequent to a conviction for an aggravated felony pursuant to

§§ 1326(b)(2) and 1101(a)(48)(A). [1]

To hold otherwise would lead to an absurd result: A defendant who pled guilty to an aggravated felony and was deported before sentencing would receive a much lighter sentence for illegal re-entry than a defendant in the same position who happened to be sentenced prior to deportation. The plain language of § 1101(a)(48)(A)'s first conviction definition demonstrates that Congress did not intend the imposition of a § 1326(b)(2) penalty to turn on whether an admitted aggravated felon was sentenced for his felony offense before he was deported or after he illegally re-entered the country. Instead, Congress was concerned that a defendant's guilt with regard to an aggravated felony be established prior to his deportation. In this case, defendant's guilt was pronounced before the INS deported him. Defendant therefore was subject to punishment under § 1326(b)(2).

Alternatively, we conclude that defendant's guilty plea constitutes a conviction under the Sentencing Guidelines. See United States v. Ibarra-Galindo, __ F.3d __, 2000 WL 306357, at *1 (9th Cir. Mar. 27, 2000) (affirming a § 1326 defendant's sentence and looking first to U.S.S.G. § 2L1.2 for the definition of "aggravated felony" and then to IIRIRA per Application Note 1 appended to § 2L1.2); United States v. Campbell, 167 F.3d 94, 98 (2d Cir. 1999) (noting

_____

[1]Because we find that defendant's guilty plea constitutes a formal judgment of guilt under § 1101(a)(48)(A), we do not decide whether defendant's plea also falls within the meaning of § 1101(a)(48)(A)'s second definition of conviction.

IIRIRA's definition of conviction, but using U.S.S.G. § 4A1.2(a)(4)'s definition of "convicted of an offense" to determine whether a vacated state conviction remains a conviction for purposes of § 1326(b) and § 2L1.2); cf. United States v. Chavez-Valenzuela, 170 F.3d 1038, 1038-39 (10th Cir. 1999) (looking to 8 U.S.C. § 1101(a)(48) rather than U.S.S.G. § 4A1.2(b) for the appropriate definition of "term of imprisonment," as used in Application Note 5 to § 2L1.2).

Section 1326(b) is a mandatory sentence enhancement, United States v. Valdez, 103 F.3d 95, 97 (10th Cir. 1996), and is implemented by U.S.S.G. § 2L1.2. Under U.S.S.G. § 2L1.2(b)(1)(A), a sentencing court must increase a § 1326 defendant's base offense level by sixteen steps "[i]f the defendant previously was deported after a criminal conviction" for an aggravated felony. Section 2L1.2 does not define the term "conviction" with regard to a § 1326 defendant's offense level. However, U.S.S.G. § 4A1.2(a)(4) defines "convicted of an offense" to mean "that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of nolo contendere."

Given § 2L1.2(b)(1)(A)'s steep penalty, the Sentencing Commission "clearly intended to substantially increase the punishment of aliens who reentered the United States without permission after being deported based on an aggravated felony." United States v. Vasquez-Balandran, 76 F.3d 648, 651 n.5 (5th Cir. 1996). Like Congress, the Commission did not intend the imposition of a

§ 2L1.2(b)(1)(A) enhancement to depend on whether a defendant was sentenced for an aggravated felony before he was deported or after he illegally re-entered the country. The Commission wanted to ensure that a defendant's guilt with regard to a felony had been established prior to his deportation. In this case, defendant pled guilty to an aggravated felony before the INS deported him. Thus, defendant was deported subsequent to a conviction for an aggravated felony under the Sentencing Guidelines.

Pursuant to either 8 U.S.C. § 1101(a)(48)(A) or U.S.S.G. § 4A1.2(a)(4), defendant's guilty plea qualifies as a conviction. Accordingly, the district court properly found that defendant was deported after conviction for an aggravated felony and correctly enhanced his sentence for illegal re-entry pursuant to § 2L1.2(b)(1)(A).

AFFIRMED. The parties' joint motion to supplement the record on appeal is granted.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge