**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 21 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOSE JESUS BARAJAS-RUIZ,
aka Jose Barajas Jesus-Ruiz,
aka Jose Jesus Barajas-Baajas,

Defendant-Appellant.

No. 99-4171
(D.C. No. 98-CR-499)
(D. Utah)

**ORDER AND JUDGMENT** *

Before **TACHA** , **EBEL** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Jose Jesus Barajas-Ruiz appeals the district court's refusal to grant him a downward departure in sentencing. We dismiss this appeal for lack of jurisdiction.

In February 1997, defendant was deported from the United States by the Immigration and Naturalization Service (INS). On May 30, 1997, he was arrested for aggravated assault in Utah. The next day, while doing a routine sweep of the jail, an INS agent discovered defendant and placed an immigration hold on him. Defendant was arraigned in Utah state court on July 16, 1997, and pled guilty at that time. He was sentenced on August 27, 1997 to zero to five years' incarceration in the state prison.

On September 30, 1998, a federal grand jury returned an indictment charging defendant with illegal re-entry after deportation, in violation of 8 U.S.C. § 1326. Because defendant had been convicted of an aggravated felony in 1996, the United States filed a notice of sentence enhancement under § 1326(b)(2). Upon defendant's release from state custody, he was arrested and brought to federal court on January 27, 1999. On April 13, 1999, he pled guilty to the federal charge. During sentencing, defendant raised the unfairness of allowing the INS to delay seeking an indictment against him for almost sixteen months, thereby depriving him of the opportunity to receive a concurrent sentence. Defendant argued that the district court should remedy this unfairness by

departing downward from the sentencing guidelines range to reflect the time he spent in state custody. The district court denied defendant's motion, and this appeal followed.

We review de novo the district court's interpretation and application of the sentencing guidelines. United States v. Chavez-Valenzuela, 170 F.3d 1038, 1039 (10th Cir. 1999). We lack jurisdiction, however, to review a district court's refusal to depart from the guidelines unless the court refused to depart because it thought it was without authority to do so. United States v. Fortier, 180 F.3d 1217, 1231 (10th Cir. 1999). "[W]e treat ambiguous statements made by district judges as though the judge was aware of his or her legal authority to depart but chose instead, in an exercise of discretion, not to depart." Id.

Here, both sides seem to have informed the district court that it had the authority to depart downward. In making his argument, defendant's attorney cited the court to an unpublished case out of the Southern District of New York, United States v. Padilla, No. 97 CR. 127-01(RWS), 1997 WL 790741, at *2 (S.D.N.Y. Dec. 23, 1997), in which the district court granted a downward departure to a defendant who had been deprived of the opportunity for a concurrent sentence because of the government's delay in charging him with illegal reentry. See R. II at 4. The prosecutor responded with the following argument:

> [T]he government has outlined its opposition to the motion for downward departure. Many of those things the court has the

discretion of whether to depart or not but ultimately it's what are the totality of the circumstances. In this case does this defendant warrant some kind of departure.

. . . .

. . . The United State[s'] position Your Honor is basically this, that even if there were factors for departure or if there were ability to depart given this individual's horrendous criminal history it just would be inappropriate and our position is that the low end of the sentencing guidelines . . . is appropriate.

. . . .

. . . His crimes have been that of crimes of violence and it's just the position that this isn't a case that warrants departure.

Id. at 5-6. When the court sought to clarify whether defense counsel was arguing that defendant would have been entitled to a mandatory concurrent sentence, the attorney responded, "No. . . . [I]t appears that the court does have discretion on it." Id. at 7. Thereafter, the district court noted it was willing to sentence defendant to the low end of the sentencing range, but stated, "I can't go beyond the powers that they [Congress] have given me and it seems to me that this is not the kind of case that in any way triggers or provides me with the factual footing to do other than follow the guidelines." Id. at 13.

We read this statement to mean that the court knew it had discretion to depart from the sentencing guideline range but found that under the facts of the case it was not appropriate to do so. The court did not state that it lacked authority to depart from the guideline range, and even if the court's language was somewhat ambiguous regarding its authority, that ambiguity is not enough for this court to review its decision. See United States v. Rodriguez, 30 F.3d 1318, 1319

-4-

(10th Cir. 1994) ("[W]e no longer are willing to assume that a judge's ambiguous language means that the judge erroneously concluded that he or she lacked authority to downward depart. . . . [U]nless the judge's language unambiguously states that the judge does not believe he has authority to downward depart, we will not review his decision.").

The appeal is DISMISSED for lack of jurisdiction.


Entered for the Court


Deanell Reece Tacha
Circuit Judge

No. 99-4171,  United States v. Barajas-Ruiz

LUCERO, Circuit Judge, dissenting.

Two aspects of the trial court's ruling cause me to conclude the trial court did not believe it had authority to depart downward from the sentencing guideline range.  The first is the court's reference to the result in the case being unfair, the second is the court's unequivocal, express conclusion that any relief for defendant must come from the United States Congress.

Given these factors, I would not conclude, as my colleagues have done, that the district court knew it had discretion to depart or that, at worst, the court's language may have been "somewhat ambiguous regarding its authority."  Instead I conclude that the district court's language admits but to one reading--that is, the trial court unambiguously concluded it did not believe it had the authority to depart downward.  For this reason, I respectfully dissent.