UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

JOSE AMILCAR GOMEZ-SALAMANCA,
a/k/a Amilcar Jose Salamanca, a/k/a
Amilcar Gomez Salamanca, a/k/a
Amilcar Hernandez, a/k/a Amilcar
Cruz, a/k/a Jose Amilcar Gomez,
            *Defendant-Appellant.*

No. 01-4806

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CR-00-564-AW)

Submitted: April 16, 2002

Decided: May 20, 2002

Before LUTTIG, MICHAEL, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

James Wyda, Federal Public Defender, Elizabeth Pearl Raman, Assistant Federal Public Defender, Greenbelt, Maryland, for Appellant. Thomas M. DiBiagio, United States Attorney, Odessa P. Jackson, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Jose Amilcar Gomez-Salamanca pled guilty to one count of unauthorized reentry of a deported alien after conviction of an aggravated felony in violation of 8 U.S.C.A. § 1326(a), (b)(2) (West 1999). He appeals his sentence, contending that the district court erred in finding that it lacked authority to depart downward pursuant to *U.S. Sentencing Guidelines Manual* § 2L1.2, cmt. n.5 (2000). A district court's refusal to grant a downward departure is not reviewable unless the court based its decision on the mistaken belief that it lacked authority to do so. *United States v. Matthews*, 209 F.3d 338, 352-53 (4th Cir.), *cert. denied*, 531 U.S. 910 (2000). The existence of a district court's authority to depart under USSG § 2L1.2 is a legal determination that is reviewed de novo. *United States v. Hall*, 977 F.2d 861, 863 (4th Cir. 1992).

Gomez-Salamanca takes issue with the district court's finding that he was ineligible for the departure in question because the term of imprisonment imposed for his prior aggravated felony exceeded one year. Gomez-Salamanca contends that because two years of the three-year term he received for the aggravated felony were suspended, the "term of imprisonment" imposed was actually one year, rendering him eligible for the departure under Application Note 5.

After review, we conclude that the district court did not misapprehend its authority to depart and properly determined that Gomez-Salamanca was not in fact eligible for the departure at issue. *See United States v. Chavez-Valenzuela*, 170 F.3d 1038 (10th Cir. 1999) (holding, in context of potential USSG § 2L1.2 departure under Application Note 5, that "term of imprisonment" for prior aggravated felony was five years even though the sentence was stayed and the defendant placed on probation on condition he serve 45 days in jail); *United States v. Yanez-Huerta*, 207 F.3d 746, 748-49 (5th Cir.), *cert. denied*, 531 U.S. 981 (2000).

We accordingly affirm Gomez-Salamanca's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*