F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**DEC 4 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　Plaintiff-Appellee,

v.

HUMBERTO ALONSO ORTIZ-
ORONA, also known as Mario Lujan-
Tena, Raul Molina-Morales, Casmire
Cordoba-Baragan, Humberto Barbajal-
Barragan, Joel Mora-Estrada, Alonso
Ruiz-Orona,

　　Defendant-Appellant.

No. 01-1500
D.C. No. 01-CR-109-D
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

　　[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant Humberto Ortiz-Orona, a non-citizen who had previously been deported afer being convicted of a felony drug trafficking offense, pled guilty to illegally reentering the United States in violation of 8 U.S.C. § 1326(a). He was sentenced to forty-one months of imprisonment and three years of supervised release. He now appeals the length of his sentence.

Mr. Ortiz-Orona's Presentence Report indicated that pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2L1.2(b)(1)(A) (2000), he would be subject to a sixteen-point increase to his base offense level of eight because he was previously deported after a conviction for a qualifying felony. Prior to sentencing, counsel for Mr. Ortiz-Orona objected to the Presentence Report.[1] Counsel emphasized that Mr. Ortiz-Orona served only five months in prison for his prior drug trafficking offense, even though a sentence of eighteen months was imposed. From that fact, counsel argued that under Application Note 5 in the commentary to U.S.S.G. § 2L1.2 (2000), Mr. Ortiz-Orona should receive a downward departure from the sixteen-point increase to his base offense level.[2]

---

[1]Mr. Ortiz-Orona's counsel before the district court is also his counsel on appeal.

[2]Application Note 5 to U.S.S.G. § 2L1.2 (2000) states in pertinent part that:

If [Section 2L1.2] subsection (b)(1)(A) applies, and (A) the

At the October 17, 2001, sentencing the district court reasoned that a downward departure under Application Note 5 to U.S.S.G. § 2L1.2 (2000) was not available to Mr. Ortiz-Orona because a sentence of eighteen months imprisonment had been imposed for his prior drug trafficking conviction. The district court noted that under the clear precedent of this circuit, the phrase "term of imprisonment" in Application Note 5 to U.S.S.G. § 2L1.2 (2000) means the actual period of possible imprisonment, rather than the period actually served. Further, the district court found that a downward departure under U.S.S.G. § 5K2.0 (2000)[3] was not warranted because this case did not fall outside the heartland of cases covered by the guidelines. For reasons not pertinent to this

> defendant has previously been convicted of only one felony offense; (B) such offense was not a crime of violence or firearms offense; and (C) *the term of imprisonment imposed for such offense did not exceed one year, a downward departure may be warranted based on the seriousness of the aggravated felony*.

U.S.S.G. § 2L1.2 cmt. n.5 (2000) (emphasis added).

[3]The pertinent provisions of Section 5K2.0 allow a sentencing court to impose a sentence outside the applicable guideline range if the court finds that, in light of unusual circumstances, the weight attached to a factor under the guidelines is excessive, even though the reason for departure is taken into consideration in determining the guideline range. It further provides that where a factor is not *ordinarily* relevant in determining if the sentence should be outside the applicable guideline range, the factor *may be* relevant to such a determination if the factor "is present to an unusual degree and distinguishes the case from the 'heartland' cases covered by the guidelines." U.S.S.G. § 5K2.0 (2000).

appeal, the district court did reduce Mr. Ortiz-Orona's Criminal History Category from III to II, yielding a guideline sentencing range of forty-one to fifty-one months. He was sentenced to forty-one months.

On appeal, counsel for Mr. Ortiz-Orona filed an *Anders* brief and moved to withdraw as counsel. *Anders v. California*, 386 U.S. 738 (1967), permits counsel who considers an appeal to be wholly frivolous to advise the court of that fact, request permission to withdraw from the case, and submit a brief referring to portions of the record that arguably support the appeal. *Id*. at 744. In his *Anders* brief, counsel for Mr. Ortiz-Orona makes record reference to the argument presented to the district court but candidly admits the propriety of the court's contrary ruling. Acting *pro se*, Mr. Ortiz-Orona filed a belated response essentially alleging ineffective assistance of counsel. Review of this allegation requires development of a factual record by the district court, and therefore it should be brought in a collateral proceeding and not in this direct appeal. *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995). Therefore, we decline to address this argument. In his response, Mr. Ortiz-Orona also requested the appointment of new counsel. He offers no just argument for that request nor any reasonable excuse for its untimeliness. His request is denied.

After fully examining the proceedings as required by *Anders*, we have determined that all issues on appeal are frivolous. However, we will address the

issues raised in the district court.

First, our precedent clearly prevents the downward departure sought by Mr. Ortiz-Orona.  In *United States v. Chavez-Valenzuela*, 170 F.3d 1038 (10th Cir. 1999), we held that the phrase "term of imprisonment" in Application Note 5 to U.S.S.G. § 2L1.2 (2000) referred to the sentence that was imposed by the court and not the time actually served.  *Id*. at 1039-40.  Even the suspension of an imposed sentence is irrelevant in considering eligibility for a downward departure under Application Note 5.  *United States v. Marquez-Gallegos*, 217 F.3d 1267, 1269-70 (10th Cir.), *cert. denied,* 531 U.S. 905 (2000).

Second, Mr. Ortiz-Orona was not entitled to a downward departure under U.S.S.G. § 5K2.0 (2000).  He did not qualify for a downward departure under Application Note 5 to U.S.S.G. § 2L1.2 (2000) because his case did not fall outside the heartland.  In promulgating Application Note 5, the Sentencing Commission implicitly defined the heartland of such cases to be all those not falling within its exceptions.  *Marquez-Gallegos*, 217 F.3d at 1270-71.

We note that U.S.S.G. § 2L1.2 was amended in November 2001 by removing the previous version of Application Note 5, and incorporating its provisions directly into Section 2L1.2.[4]  However, the 2001 amendments do not

---

[4]The 2001 amendments altered Section 2L1.2(b)(1)(A) to specifically list offenses that increase the offense level by sixteen points, such as drug trafficking, when the sentence imposed exceeds thirteen months.

apply to Mr. Ortiz-Orona, who was sentenced on October 17, 2001, because the sentencing court "shall use the Guidelines Manual in effect on the date that the defendant is sentenced."  U.S.S.G. § 1B1.11(a) (2002); *see also United States v. Alvarez-Pineda*, 258 F.3d 1230, 1235-36 (10th Cir. 2001).  Even if the amendments did apply, Mr. Ortiz-Orona would still be subject to a sixteen-point increase to his base offense level with no downward departure.  U.S.S.G. § 2L1.2(b)(1)(A)(i) (2001).  The amended U.S.S.G. § 2L1.2 retains a base offense level of eight, and provides a sixteen-point increase if the defendant was previously deported after being convicted of a felony that is a drug trafficking offense, where the sentence imposed exceeds thirteen months.  U.S.S.G. § 2L1.2(a), (b)(1)(A)(i) (2001).

For all of the aforementioned reasons, counsel's motion to withdraw is granted, Mr. Ortiz-Orona's motion for appointment of new counsel is denied, and the judgment and sentence of the district court are **AFFIRMED**.

**Entered by the Court:**

**TERRENCE L. O'BRIEN**
United States Circuit Judge