**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Francisco ORTIZ–GUTIERREZ,**
**Defendant–Appellant.**

**No. 93–50833.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 5, 1994.*

Decided Sept. 28, 1994.

---

* The panel finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

Eda U. Suh, Deputy Federal Public Defender, Los Angeles, CA, for defendant-appellant.

Stephen J. McConnell, Asst. U.S. Atty., Los Angeles, CA, for plaintiff-appellee.

Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.

FARRIS, Circuit Judge:

Francisco Ortiz–Gutierrez appeals his conviction and sentence for being found in the United States after having been deported subsequent to a conviction for an aggravated felony. 8 U.S.C. § 1326. We affirm.

I

We reject the argument that the "found in" provision of 8 U.S.C. § 1326(a) is unconstitutionally vague. *United States v. Ayala*, 35 F.3d 423 (9th Cir.1994).

II

We affirm the sentence imposed by the district court. Under the Sentencing Guide-

lines, if a defendant convicted of violating section 1326 "previously was deported after a conviction for a felony" that did not involve a violation of immigration laws, the court must increase the offense level by four levels. U.S.S.G. § 2L1.2.(b)(1). If the prior conviction was an aggravated felony, section 2L1.2.(b)(2) requires a sixteen level increase. An aggravated felony includes a crime of violence for which the defendant was sentenced to at least five years imprisonment. U.S.S.G. § 2L1.2, comment. (n. 7).

Ortiz–Gutierrez recognizes that robbery is a crime of violence, but argues he was not sentenced to imprisonment for five years or more. He contends that the district court erred in treating his prior conviction as an aggravated felony because the crime of robbery and the use of a gun during the commission of a crime do not constitute a single offense. If the three-year sentence for robbery and the two-year sentence for the use of a gun are not considered together, then the California court did not sentence Ortiz–Gutierrez to the requisite five-year prison term.

■ Federal law determines whether Ortiz–Gutierrez's previous offense was an aggravated felony. *United States v. Aichele,* 912 F.2d 1170, 1171 (9th Cir.1990). Neither section 2L1.2 nor the corresponding application notes explain whether a prior sentence from a single conviction should be broken down into its component parts for the purpose of deciding whether a defendant has been convicted of an aggravated felony. However, when computing a defendant's criminal history category under chapter 4 of the Sentencing Guidelines, prior sentences are considered together if they resulted from offenses that were not separated by intervening arrests and that "(1) occurred on the same occasion, (2) were part of a single scheme or plan, or (3) were consolidated for sentencing." U.S.S.G. § 4A1.2(a)(2) comment. (n. 3); *see also United States v. Gallegos–Gonzalez,* 3 F.3d 325, 326–27 (9th Cir. 1993).

Section 4A1.2 never mentions section 2L1.2, and instead specifies that "[p]rior sentences imposed in related cases are to be treated as one sentence *for purposes of § 4A1.1(a), (b), and (c)*". U.S.S.G. 4A1.2(a)(2) (emphasis added). When the Sentencing Commission has borrowed section 4A1.2's definition of a related sentence and used it elsewhere in the guidelines, it has done so explicitly. *See* U.S.S.G. 4B1.2(3). Thus, it could be argued that the Sentencing Commission's failure to cross reference sections 4A1.1–2 and section 2L1.2 means that the definitions accompanying the former do not apply to the latter.

■ Nevertheless, it makes sense to treat prior sentences in the same manner when they are used to determine the offense level under section 2L1.2 as when they are used to determine the criminal history category. Sections 2L1.2(b) and 4A1.1–2 serve the same underlying function. They determine the extent to which prior convictions affect a defendant's sentence for the current offense.

Further, the indictment, guilty plea and abstract of judgment indicate that the California court sentenced Ortiz–Gutierrez for one offense. *Cf. United States v. Sweeten,* 933 F.2d 765, 769 (9th Cir.1991) (reviewing—in addition to the statutory definition of the prior offense—the indictment, guilty plea, and conviction for purposes of sentencing under the Armed Career Criminals Act, 18 U.S.C. § 924(e); *see also* U.S.S.G. § 4B1.4 (Armed Career Criminal Guideline)). Although he was sentenced under two separate sections of the California Penal Code, Ortiz–Gutierrez pled guilty to a single count of the indictment. The robbery and firearm violations are inherently related. They could not have been separated by an intervening arrest because they were part of the same crime. Ortiz–Gutierrez used a gun *while* committing a robbery. Lastly, the abstract of judgment treats his sentence as a single five-year term, not separate terms of three and two years.

The abstract states that "[t]he *total* unstayed prison term imposed by this judgment is 5 years."

AFFIRMED.