67 F.3d 309
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Elias LIRA-ESPINOSA, Defendant-Appellant.
 No. 94-30388.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 12, 1995.*
Decided Sept. 19, 1995.
 
 Before: WRIGHT, ALARCON and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lira-Espinosa entered a conditional guilty plea to being illegally in the United States in violation of 8 U.S.C. Sec. 1326. He appeals his conviction and sentence. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and 18 U.S.C. Sec. 3742. We affirm.
 
 1. Suppression of Identity
 
 3
 Lira-Espinosa contends that the court should have suppressed his identity because it was the fruit of an illegal arrest and was obtained by interrogation before he was given Miranda warnings. We rejected an identical argument in United States v. Guzman-Bruno, 27 F.3d 420, 422 (9th Cir.1994).
 
 
 4
 Lira-Espinosa would distinguish Guzman-Bruno because, unlike the defendant there, his identity was discovered after the illegal arrest. See id. at 421. Given the breadth of the holding in Guzman-Bruno, however, this distinction has no legal effect. See 27 F.3d at 422; see also United States v. Orozco-Rico, 589 F.2d 433, 435 (9th Cir.1978).
 
 
 5
 Citing dictum from INS v. Lopez-Mendoza, 468 U.S. 1032, 1050-51 (1984), Lira-Espinosa asserts that evidence of identity may be suppressed if necessary to deter widespread violations of the Fourth Amendment by INS agents. That dictum, however, addresses whether unlawfully obtained statements, and not the defendant's identity, could be suppressed. See Lopez-Mendoza, 468 U.S. at 1051 n. 5. Moreover, Lopez-Mendoza contains sweeping language that "the 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred." Id.
 
 
 6
 The court did not err when it denied the motion to suppress. See United States v. Khan, 993 F.2d 1368, 1375 (9th Cir.1993) (motion to suppress reviewed de novo).
 
 2. Sentence Enhancement
 
 7
 Lira-Espinosa argues that the court erred when, pursuant to USSG Sec. 2L1.2(b)(2), it increased his offense level by 16 levels based on his prior felony conviction, sentence and sentence enhancement. We rejected this argument in United States v. Ortiz-Gutierrez, 36 F.3d 80, 82 (9th Cir.1994).
 
 
 8
 He asserts that his sentence was dramatically increased because of the sentence enhancement. Quoting dictum from McMillan v. Pennsylvania, 477 U.S. 79, 88 (1970), he argues that the sentence enhancement is improper because it came to be the "tail which wags the dog of the substantive offense," thereby violating due process.
 
 
 9
 We reject that argument because charged, rather than uncharged, conduct provided the enhancement. See United States v. Harrison-Philpot, 978 F.2d 1520, 1524 (9th Cir.1992). Moreover, due process is violated only when the sentence increase is extreme. See United States v. Kikumura, 918 F.2d 1084, 1100-01 (3d Cir.1990) (trial court departed from guideline maximum of 33 months to 30 years). In the instant case, the sentence enhancement does not violate due process. See United States v. Sanchez, 967 F.2d 1383, 1385 (9th Cir.1992); United States v. Restrepo, 946 F.2d 654, 660-61 (9th Cir.1991).
 
 
 10
 The court did not err in applying the Sentencing Guidelines. See United States v. Kohl, 972 F.2d 294, 297 (9th Cir.1992) (requiring de novo review).
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3