UNITED STATES of America,
Plaintiff–Appellee,

v.

Oscar CRUZ–GUERRERO, aka Oscar
Cruz, Defendant–Appellant.

No. 98–30290.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 13, 1999.

Decided Oct. 18, 1999.

F. Richard Curtner, Federal Defender, Anchorage, Alaska, for the defendant-appellant.

William C. Brown, Department of Justice, Washington, D.C., for the plaintiff-appellee.

Before: GOODWIN and SCHROEDER, Circuit Judges, and SCHWARZER,[1] District Judge.

SCHROEDER, Circuit Judge:

This is a sentencing appeal following Oscar Cruz–Guerrero's conviction for reentry after deportation in violation of 8 U.S.C. § 1326(a). We must decide whether, after *Jones v. United States*, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999), appellant's prior California conviction and five-year enhanced sentence for involuntary manslaughter was an "aggravated felony" justifying the district court's upward adjustment in Cruz–Guerrero's

---

1. Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

sentence under the applicable pre-November, 1997 Guideline, U.S.S.G. § 2L1.2(b)(2) (1995). We are also asked to decide whether the Supreme Court's decision in *Koon v. United States*, 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996), alters our earlier circuit law that a defendant is not entitled to a downward departure for substantial assistance to the government under U.S.S.G. § 5K1.1 unless the government.has moved for such a departure. We hold that neither Supreme Court decision requires us to change our prior law and therefore affirm.

Cruz–Guerrero, a native and citizen of Mexico, was arrested on a drug offense in Anchorage, Alaska in October, 1997. Police alerted Immigration and Naturalization Service officers who then took him into custody. After his indictment on this offense, he pled guilty and agreed to assist law enforcement agents by providing information and attempting to set up drug transactions.

Cruz–Guerrero had a 1993 California conviction of involuntary manslaughter. He received a two-year sentence that was enhanced to five years under California Penal Code § 12022.5 for using a firearm in connection with the crime.

At sentencing in this case, the district court assigned the defendant a base offense level of 8 under U.S.S.G. § 2L1.2(a)(1995) and then adjusted this upward 16 levels because it found that the 1993 manslaughter conviction was an "aggravated felony" under § 2L1.2(b)(2). After departing downward three levels for enhanced acceptance of responsibility, the court found the applicable Guideline range to be 57 to 71 months. It sentenced Cruz–Guerrero to a 57–month term. The court declined Cruz–Guerrero's unilateral re-

quest for a downward departure for substantial assistance to the government.

Cruz–Guerrero first argues that the district court erred in determining that his prior California involuntary manslaughter conviction was an "aggravated felony" justifying upward adjustment under § 2L1.2(b)(2). Application note 7 to that section defines "aggravated felony" as "any crime of violence . . . for which the term of imprisonment imposed . . . is at least five years." U.S.S.G. § 2L1.2, comment. (n.7).

■ Cruz–Guerrero contends that the California felony was not "aggravated" because he did not receive a single sentence of five years or more. Rather, he maintains that his five-year sentence should be regarded as two separate sentences: two years for the conviction and three years for the enhancement.

We previously rejected this precise claim, holding that California's enhancement for carrying a gun during the commission of a felony does not constitute a separate sentence for the purposes of U.S.S.G. § 2L1.2(b)(2). *See United States v. Ortiz–Gutierrez*, 36 F.3d 80, 82 (9th Cir.1994). Cruz–Guerrero maintains that this result is undermined by the intervening Supreme Court decision in *Jones v. United States*, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999). *Jones* held that the enhancement provisions of 18 U.S.C. § 2119, the federal carjacking statute, established separate offenses that must be charged by indictment, proven beyond a reasonable doubt, and submitted to a jury. *Id.* 119 S.Ct. at 1228.

The carjacking statute in *Jones* set forth the penalties for carjacking under three different circumstances. It did not describe the penalties as enhancements.[2] In

2. 18 U.S.C. § 2119 provides:

Whoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by

force and violence or by intimidation, or attempts to do so, shall-
  (1) be fined under this title or imprisoned not more than 15 years, or both,
  (2) if serious bodily injury (as defined in section 1365 of this title, including any conduct that, if the conduct occurred in the

deciding whether it established separate crimes or sentencing options, the Court first looked to the language and structure of the statute. *See id.* at 1219–20. Finding the language and structure ambiguous, the Court then looked to Congress's experience with this and similar statutes to conclude that Congress probably intended this statute to set forth separate crimes rather than sentencing alternatives. *See id.* at 1220–22. Resolving any doubt in favor of avoiding the constitutional difficulties that would arise if the statutory provisions were viewed as sentencing factors to be determined by the judge without a jury, the Court concluded that the various circumstances set forth in the statute should be determined by the jury rather than the judge. *See id.* at 1222–28. Hence the statute established separate offenses.

In this case, the California statute is very different. To determine whether this statute creates a sentence enhancement rather than a separate crime, we need look no further than legislative intent. *See Almendarez–Torres,* 523 U.S. 224, 118 S.Ct. 1219, 1223, 140 L.Ed.2d 350 (1998). The Supreme Court of California has held that the legislature intended to create a sentencing enhancement when it enacted California Penal Code § 12022(b), a statute nearly identical to § 12022.5. *See People v. Wims,* 10 Cal.4th 293, 41 Cal.Rptr.2d 241, 895 P.2d 77, 82–84 (1995). As the Supreme Court of California recognized, the use of a weapon in connection with a felony results in an additional term of imprisonment for the underlying offense. It does not create a separate offense. *See id.* 895 P.2d at 84.

Moreover, under the California statute, the jury must determine whether the factual elements supporting the weapon enhancement are present. *See id.* at 82. Thus, none of the constitutional concerns discussed in *Jones* are of any relevance

here. *See* 526 U.S. 227, 119 S.Ct. 1215, 1222–26, 143 L.Ed.2d 311. There is, therefore, no reason to depart from our holding in *Ortiz–Gutierrez* that the underlying sentence and the enhancement are to be aggregated for purposes of determining whether the felony was "aggravated" under U.S.S.G. § 2L1.2(b)(2). *See* 36 F.3d 80, 82 (9th Cir.1994).

▆ Cruz–Guerrero next contends that the district court should have given him a downward departure for substantial assistance to the government, despite the fact that the government did not move for a departure. The governing Guideline is § 5K1.1, which states that "[u]pon motion of the government stating that the defendant has provided substantial assistance … the court may depart from the guidelines." We have routinely interpreted this provision to mean that, in the absence of arbitrariness or unconstitutional motivation on the part of the government, *see Wade v. United States,* 504 U.S. 181, 185–86, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992); *United States v. Burrows,* 36 F.3d 875, 884 (9th Cir.1994), a district court may not depart downward from the guidelines on the basis of defendant's substantial assistance to the government unless the government has moved for such a departure. *See United States v. Mikaelian,* 168 F.3d 380, 385 (9th Cir.1999) ("The district court generally lacks the authority to grant a downward departure under 5K1.1 unless the government makes a motion."); *United States v. Murphy,* 65 F.3d 758, 762 (9th Cir.1995) (same); *United States v. Shrewsberry,* 980 F.2d 1296, 1297 (9th Cir.1992) (same).

This appeal was inspired by a panel decision in the District of Columbia Circuit holding that the Supreme Court's decision in *Koon v. United States,* 518 U.S. 81, 116

special maritime and territorial jurisdiction of the United States, would violate section 2241 or 2242 of this title) results, be fined under this title or imprisoned not more than 25 years, or both, and

(3) if death results, be fined under this title or imprisoned for any number of years up to life, or both, or sentenced to death.

S.Ct. 2035, 135 L.Ed.2d 392 (1996), enabled district courts to interpret the Guidelines to authorize substantial assistance departures without a government motion. *In re Sealed Case (Sentencing Guidelines' "Substantial Assistance")*, 149 F.3d 1198 (D.C.Cir.1998), *vacated by* 159 F.3d 1362 (D.C.Cir.1998). Since this appeal was filed, however, the District of Columbia Circuit has, en banc, vacated and overruled that decision. *See* 181 F.3d 128 (D.C.Cir. 1999) (en banc). We agree with that Circuit's unanimous en banc decision that the Sentencing Commission clearly intended to limit such departures to situations in which the government requests a departure. *See id.* at 142. The Fifth and Third Circuits are in accord. *See United States v. Solis*, 169 F.3d 224 (5th Cir.1999), *cert. denied,* —— U.S. ——, 120 S.Ct. 112, —— L.Ed.2d —— (1999); *United States v. Abuhouran*, 161 F.3d 206 (3d Cir.1998), *cert. denied,* —— U.S. ——, 119 S.Ct. 1479, 143 L.Ed.2d 562 (1999).

AFFIRMED.