**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Juan Manuel GUTIERREZ–
HERRERA, Defendant–
Appellant.**

No. 99–50805.

D.C. No. CR–99–01658–IEG.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 15, 2000.

Decided March 28, 2001.

Before BRIGHT,[1] T.G. NELSON and W. FLETCHER, Circuit Judges.

## ORDER

The Memorandum disposition filed on December 8, 2000, is withdrawn and the attached disposition is filed simultaneously with this order.

Except as is reflected in the attached disposition, the panel has voted to deny appellant's petition for rehearing. Judge T.G. Nelson and Judge W. Fletcher voted to deny the petition for rehearing en banc and Judge Bright so recommends.

The full court has been advised of the petition for rehearing en banc and no judge of the court has requested a vote on whether to rehear the matter en banc. Fed. R.App. P. 35.

The petition for rehearing and the petition for rehearing en banc are denied.

The panel will not entertain any further petitions for rehearing or rehearing en banc in this case.

## MEMORANDUM [2]

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

### A. *Motion to Dismiss the Indictment*

■ There were no defects in the underlying deportation proceeding charged in Gutierrez–Herrera's indictment. Therefore, the district court did not err in denying his motion to dismiss the indictment.

Although the decision of the Immigration Judge (IJ) is not a model of clarity, we reject Gutierrez–Herrera's claim that it was based solely on the IJ's erroneous finding that Gutierrez–Herrera was convicted of a "firearms offense." In addition, the IJ found that Gutierrez–Herrera was deportable as an alien convicted of an "aggravated felony," and this finding was not erroneous.

■ At the time Gutierrez–Herrera was deported, the definition of "aggravated felony" in 8 U.S.C. § 1101(a)(43) included "a crime of violence ... for which the term of imprisonment imposed ... is at least 5 years."[3] The definition of "aggravated felony" in U.S.S.G. § 2L1.2 includes the identical provision.[4] Under that provision in U.S.S.G. § 2L1.2, we have held that a two-year sentence for involuntary manslaughter and a three-year enhancement for using a firearm in commission of that felony, imposed under Section 12022.5 of the California Penal Code, are to be aggregated for purposes of determining whether the felony is "aggravated."[5] Absent a contrary interpretation of that provision in § 1101(a)(43) by the Board of Immigration Appeals, we see no reason why this rule should not apply to Gutierrez–Herrera.[6]

---

1. The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation.

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

3. 8 U.S.C. § 1101(a)(43)(F) (1995).

4. *See* USSG § 2L1.2, comment. (n.1).

5. *United States v. Cruz–Guerrero,* 194 F.3d 1029, 1030–31 (9th Cir.1999).

6. Although for purposes of implementing the immigration laws the BIA may interpret an immigration provision differently than a circuit court interprets that provision for purposes of sentencing, decisions of the circuit courts in sentence enhancement cases "provide relevant and valuable guidelines that may inform ... interpretation of the federal immigration laws in other circumstances."

**B.** *Request for a Two–Point Reduction for Acceptance of Responsibility*

■ Although Gutierrez–Herrera's conviction by trial did not automatically preclude him from consideration for a reduction for acceptance of responsibility,[7] we cannot conclude that the district court clearly erred in finding that he failed to "manifest[ ] a genuine acceptance of responsibility for his actions."[8] Thus, denial of the two-point reduction was proper.[9]

**C.** *Legality of Gutierrez–Herrera's Sentence*

Gutierrez–Herrera claims that *Apprendi v. New Jersey*[10] requires that his sentence be vacated because the indictment did not charge and the jury did not find beyond a reasonable doubt the fact that he was previously convicted of an "aggravated felony." In light of our recent decision in *United States v. Pacheco–Zepeda*,[11] this claim fails.

AFFIRMED.

---

*In re K–V–D–*, Interim Decision 3422, 1999 WL 1186808 (BIA 1999).

At the district court, Gutierrez–Herrera did *not* claim that even if he was convicted of an "aggravated felony," he was still eligible for relief from deportation under the former 8 U.S.C. § 1182(c). Instead, in his motion to dismiss the indictment, Gutierrez–Herrera conceded that "[a]n individual convicted of an aggravated felony is statutorily precluded from any relief from deportation." Thus, this claim was waived, and we do not address it here.

**7.** *See* USSG § 3E1.1, comment. (n.2); *see also United States v. McKinney*, 15 F.3d 849, 852 (9th Cir.1994) ("Where a defendant manifests a genuine acceptance of responsibility for his actions, he is entitled to the reduction even if he does not plead guilty.").

**8.** *McKinney*, 15 F.3d at 852.

**9.** As a result, there is no need to address the issue of whether Gutierrez–Herrera is entitled to an additional one-point reduction under U.S.S.G. § 3E1.1(b) for assistance to the Government.

**10.** 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

**11.** No. 99–50720 (9th Cir. Feb. 8, 2001).