**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Mario Rene GAMEZ, aka Mario
Gamez, Defendant—
Appellant.**

No. 02–50560.

D.C. No. CR–02–00110–RSWL–02.

United States Court of Appeals,
Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

938

Submitted Nov. 10, 2003.*

Decided Nov. 20, 2003.

Judith A. Heinz, USLA—Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Terri A. Law, Beverly Hills, CA, for Defendant–Appellant.

Before KOZINSKI, SILVERMAN and TALLMAN, Circuit Judges.

## MEMORANDUM**

Mario Rene Gamez appeals a 26–month sentence imposed after he pleaded guilty to conspiracy and receiving and possessing stolen goods in interstate shipments, in violation of 18 U.S.C. §§ 371 and 659. We have jurisdiction under 18 U.S.C. § 3742, and we affirm.

Gamez contends that the district court improperly denied his motion for a downward departure for substantial assistance to the government. In the absence of a government motion, however, the district court lacked the authority to grant such a departure, see *United States v. Cruz–Guerrero*, 194 F.3d 1029, 1031–32 (9th Cir. 1999), so its denial of Gamez's request was not an abuse of discretion. Additionally, a review of the record discloses that the government's decision not to make a § 5K1.1 motion for downward departure was neither arbitrary nor capricious. See *Wade v. United States*, 504 U.S. 181, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992); *United States v. Murphy*, 65 F.3d 758 (9th Cir. 1995).

Next Gamez contends, for the first time, that the district court erred in applying the USSG § 3B1.3 upward adjustment for his use of a special skill as a truck driver in the commission of his offense. Gamez did not raise this issue in the district court; we therefore review for plain error, *United States v. Olano*, 507 U.S. 725, 733–34, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), and find his contention unpersuasive.

The district court did not plainly err in applying the special skills adjustment. Gamez conceded that he was contacted by cargo theft rings due to his trucking expertise and that on at least one occasion in relation to the current offense, he drove a tractor to a warehouse, connected a stolen trailer to the tractor and drove it away for abandoning. See *United States v. Mendoza*, 78 F.3d 460, 465 (9th Cir.1996) (stating that "the driving of an 18–wheeler without any reported mishap over several years is a skill well beyond that possessed by the general public."); *see also United States v. Petersen*, 98 F.3d 502, 506 (9th Cir.1996) (stating that enhancements under section 3B1.3 are appropriate "if the special skill made it significantly easier for the defendant to commit or conceal the crime.")

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.