**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

LEOBARDO OLMOS-ESPARZA,
        *Defendant-Appellant.*

No. 06-50276

D.C. No.
CR-04-00637-JAH

OPINION

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted February 7, 2007*
Pasadena, California

Filed April 24, 2007

Before: Thomas G. Nelson, Eugene E. Siler, Jr.,** and
Michael Daly Hawkins, Circuit Judges.

Opinion by Judge Hawkins

---

*This panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

**The Honorable Eugene E. Siler, Jr., Senior United States Circuit
Judge for the Sixth Circuit, sitting by designation.

## COUNSEL

James Fife, Federal Defenders of San Diego, Inc., San Diego, California, for the defendant-appellant.

Michelle P. Jennings, Assistant U.S. Attorney, San Diego, California, for the plaintiff-appellee.

## OPINION

HAWKINS, Circuit Judge:

Leobardo Olmos-Esparza ("Olmos-Esparza"), convicted of illegal reentry following deportation, appeals his sentence on remand following a full post-*Booker*[1] resentencing. In an issue of first impression in this circuit, he contends that the district court erred by considering his convictions from 1972 and 1976 in calculating sentencing enhancements under § 2L1.2 of the 2003 Sentencing Guidelines. We join the Tenth and Eleventh Circuits in holding that this section contains no time limitation on the age of convictions for purposes of calculating sentencing enhancements.

---

[1] *United States v. Booker*, 543 U.S. 220 (2005).

## FACTS AND PROCEDURAL HISTORY

Olmos-Esparza was found in the United States in December 2003. He eventually admitted he was a Mexican citizen who had previously been deported and that he lacked authority to be in the United States. He was convicted following a trial of illegal reentry following deportation in violation of 8 U.S.C. § 1326 and was initially sentenced to 70 months in custody. He appealed his conviction and sentence to this court, which affirmed the conviction but remanded his sentence pursuant to *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) (en banc).

The district court determined that it would have sentenced Olmos-Esparza differently if it had known the Guidelines were not mandatory and would have ordered a full resentencing. The Probation Office calculated the sentence in the same manner as before: a base offense level of eight, a sixteen-level enhancement for prior alien smuggling and drug trafficking convictions, and a two-level downward adjustment for acceptance of responsibility. This resulted again in a Guideline range of 63-78 months. On remand, Olmos-Esparza challenged the use of his two prior convictions — sustained in 1972 and 1976 — for the sixteen-level enhancement, arguing that they should be subject to the fifteen-year time limit set forth in § 4A1.2 for calculating criminal history points. The district court rejected this argument, but reviewed all the factors under 18 U.S.C. § 3553 and sentenced Olmos-Esparza to 60 months, 10 months shorter than his previous sentence.

## STANDARD OF REVIEW

We review a district court's interpretation of the Guidelines de novo. *United States v. Kimbrew*, 406 F.3d 1149, 1151 (9th Cir. 2005).

## DISCUSSION

**[1]** U.S.S.G. § 2L1.2(a) establishes a base offense level of eight for unlawfully entering or remaining in the United

States. If the defendant was previously deported or unlawfully remained in the United States following certain types of convictions, U.S.S.G. § 2L1.2(b)(1) provides for an increase in sentence based on the type of prior offense:

> If the defendant previously was deported, or unlawfully remained in the United States, after —
>
> (A)   a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months; (ii) a crime of violence; (iii) a firearms offense; (iv) a child pornography offense; (v) a national security or terrorism offense; (vi) a human trafficking offense; or (vii) an alien smuggling offense, increase by 16 levels;
>
> (B)   a conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less, increase by 12 levels;
>
> (C)   a conviction for an aggravated felony, increase by 8 levels;
>
> (D)   a conviction for any other felony, increase by 4 levels; or
>
> (E)   three or more convictions for misdemeanors that are crimes of violence or drug trafficking offenses, increase by 4 levels.

Neither the text nor the application notes states that a conviction, as used in this section, must have occurred within a particular time period for the enhancement to apply. One application note, however, explicitly states that an "aggravated felony" has the meaning given that term in the immigration statute — 8 U.S.C. § 1101(a)(43) — but "without regard

to the date" of the underlying conviction. § 2L1.2, application n.3(A).[2]

Olmos-Esparza argues that the application notes are therefore ambiguous, since one portion of the commentary expressly qualifies the temporal scope of prior convictions for aggravated felonies, but says nothing about age limitations as to other predicate convictions. He urges us to use the statutory construction maxim *expressio unius est exclusio alterius* — that is, when some statutory provisions expressly mention a requirement, the omission of that requirement from other statutory provisions implies that the drafter intended the inclusion of the requirement in some instances but not others. *See Longview Fibre Co. v. Rasmussen*, 980 F.2d 1307, 1312-13 (9th Cir. 1992). Thus, Olmos-Esparza argues that, because the application note expressly indicates that convictions for aggravated felonies are to be considered without regard to the date of conviction, the other crimes enumerated in § 2L1.2(b)(1) *do* have a restriction on the conviction's age, which Olmos-Esparza contends should be imported from U.S.S.G. § 4A1.2 (the Guideline dictating which convictions are to be counted for criminal history purposes).[3]

This precise argument, however, has been considered and

---

[2]The application notes to § 2L1.2 also use the phrase "without regard to the date of the conviction" when cross-referencing the term "sentence of imprisonment" in Guideline § 4A1.2, but do not include that language when cross-referencing the term "related cases" as defined in the same section. § 2L1.2 application nn. 1(B)(vii) & 4(B). Because the determination of whether cases are related and what constitutes a sentence of imprisonment have nothing to do with whether there is a time restriction on some but not other categories of convictions set forth in Section 2L1.2(b)(1), we do not consider either of these ancillary application notes to be probative of the issue we must decide today.

[3]Under § 4A1.2(e), if the sentence imposed for a conviction was over one year and one month, then the conviction is counted for criminal history purposes if it occurred within fifteen years; all other convictions are counted if they occurred within ten years.

rejected by two circuits. *United States v. Torres-Duenas*, 461 F.3d 1178, 1181-82 (10th Cir. 2006), *petition for cert. filed* November 22, 2006 (No. 06-7990); *United States v. Camacho-Ibarquen*, 410 F.3d 1307, 1312-13 (11th Cir.), *cert. denied*, 126 S. Ct. 457 (2005). We join them today and hold that U.S.S.G. § 2L1.2 does not contain a time limitation on the age of prior convictions.

There is certainly no time restriction on the use of prior convictions within the plain language of § 2L1.2. An ambiguity is created, if at all, by Olmos-Esparza's urged application of the *expressio unius* principle. But that maxim is "a product of logic and common sense," and is properly applied only when it makes sense as a matter of legislative purpose. *Longview Fibre*, 980 F.2d at 1313 (quoting *Alcaraz v. Block*, 746 F.2d 593, 607-08 (9th Cir. 1984)). The interpretation Olmos-Esparza advocates would lead to strange results: a conviction of any age could be considered for "ordinary" aggravated felonies — a mid-level eight point enhancement under § 2L1.2 — but there would be a staleness limit with respect to other crimes, including ones the Commission has considered to be *more* serious, including human smuggling, child pornography, and terrorism.

**[2]** Moreover, Olmos-Esparza's *expressio unius* argument actually cuts both ways, because in other Guideline provisions, the Commission *explicitly* limited the use of prior convictions, but did not expressly do so in § 2L1.2(b). For example, in § 2L1.2 itself, the Commission explicitly limited the use of crimes committed before a defendant was eighteen as a predicate for an enhancement. U.S.S.G. § 2L1.2, application n.1(A)(iv). As noted above, § 4A1.2(e) also includes explicit time restrictions on the use of prior convictions when computing criminal history points. These provisions contributed to the Eleventh Circuit's decision to reject the defendant's argument for implicit limitations: "If the Sentencing Commission had intended § 2L1.2(b) to mean what [the defendant] argues, there is no reason the Commission would

not have written an explicit time restriction into that guideline," just as it did with other Guidelines. *Camacho-Ibarquen*, 410 F.3d at 1313. "We are more inclined to find that, because other guidelines sections have explicit time restrictions on the application of convictions, the omission of such a restriction in § 2L1.2 means that none was intended for that section." *Id.*

[3] Further, the definition of "aggravated felony," as used in § 2L1.2 (b)(1)(C) is imported from 8 U.S.C. § 1101(1)(43). The definition in the immigration context includes foreign convictions only if the term of imprisonment was completed within the last fifteen years. We agree with the common sense reading of the Tenth and Eleventh Circuits — that the Sentencing Commission wished to import into § 2L1.2 the substantive definition of aggravated felony from the immigration statute, but not its time limitation on foreign convictions. *Camacho-Ibarquen*, 410 F.3d at 1313; *see also Torres-Duenas*, 461 F.3d at 1182. In other words, the "without regard to the date of conviction" language was added to expressly cancel out a time limitation contained in another context, and not to implicitly create one in § 2L1.2.[4]

Olmos-Esparza argues that the time limitation on prior convictions from § 4A1.2 (criminal history calculation) should be imported into § 2L1.2, because, in other situations, this circuit has looked to § 4A1.2 for guidance in interpreting § 2L1.2.

---

[4]Olmos-Esparza suggests this rationale is unpersuasive because the other crimes listed in § 2L1.2(b)(1)(A) & (B) are also listed as types of aggravated felonies within 8 U.S.C. § 1101(a)(43), and thus would also have the potential for an erroneous incorporation of the fifteen-year limit on foreign convictions contained in that section. However, the other crimes listed in subsections (A) and (B) are not *defined* by cross-reference to § 1101(a)(43); the application notes to § 2L1.2 contain definitions for these specific offenses. The only one of those that refers back to § 1101(a)(43) is "alien smuggling offense," § 2L1.2 app. n. (1)(B)(I), which cannot be a violation of the law of a foreign country. *See* 8 U.S.C. § 1101(a)(43)(N) (cross-referencing 8 U.S.C. § 1324(a), which defines crime as bringing an alien *to the United States*) (emphasis added); *see also Camacho-Ibarquen*, 410 F.3d at 1314 n.2.

*See United States v. Moreno-Cisneros*, 319 F.3d 456, 458-59 (9th Cir. 2003) (looking to § 4A1.2's treatment of the sentence imposed following revocation of probation); *United States v. Ortiz-Gutierrez*, 36 F.3d 80, 82 (9th Cir. 1994) (looking to § 4A1.2's definition of the term "related cases"). But this circuit has also specifically noted that § 2L1.2(b) and § 4A1.2 intentionally treat prior convictions differently in the calculation of illegal reentry offense level and criminal history:

> Although both [provisions] determine the impact of past crimes on a current sentence, each section does so for a different reason. Thus, the 15-year limit on criminal history calculations does not signal an intent to similarly limit the aggravated felony enhancement under § 2L1.2(b)(2) . . . . In other words, we find it particularly troublesome to have illegal aliens returning who are not just illegal aliens, but also criminals. The criminal history category, however, serves the different purpose of evaluating the likelihood that any defendant will commit another crime in the future.

*United States v. Lara-Aceves*, 183 F.3d 1007, 1013-14 (9th Cir. 1999) (quoting *United States v. Gonzalez-Mendez*, 112 F.3d 1325, 1329 (7th Cir. 1997)), *overruled on other grounds by United States v. Rivera-Sanchez*, 247 F.3d 905 (9th Cir. 2001) (en banc).[5]

---

[5]*Lara-Aceves* was interpreting a prior version of § 2L1.2, which had only a one-stage enhancement for aggravated felonies and an application note which mirrored the language of 1101(a)(43) regarding the age of foreign convictions. We held that the "commission intended an aggravated felony to enhance the base offense level regardless of when it was committed" and that it was not inconsistent for § 2L1.2 to thus treat prior convictions differently than in § 4A1.2. 183 F.3d at 1013-14. Because the Guidelines were subsequently amended, it is not directly controlling in this case.

We look to § 4A1.2's definitions or application notes if it makes sense in the context of the appeal to interpret language in another Guideline provision, but the substantive provisions of § 4A1.2 do not *automatically* apply outside of that Guideline. In fact, after this court looked to § 4A1.2's definition of "related cases" in *Ortiz-Gutierrez* and "sentence imposed" in *Moreno-Cisneros*, the Commission amended the application notes to § 2L1.2 in 2003 to specifically include cross-references to § 4A1.2 (undercutting any argument that the § 4A1.2 provisions automatically apply, as Olmos-Esparza essentially argues), yet the Commission did not include any cross-reference to the time limitations on convictions contained in the same section (reinforcing our conclusion that the Commission did not intend to expressly or implicitly import these restrictions into § 2L1.2).

[4] In sum, it is apparent that § 2L1.2 on its face contains no temporal limitation on the prior conviction used to enhance sentences for illegal reentry. When viewed in context, it is also clear the Commission did not implicitly mean to create such a limitation on prior convictions in § 2L1.2, but was instead expressly eliminating any time limitations contained in the borrowed definition for "aggravated felony." The district court therefore did not err by enhancing Olmos-Esparza's sentence for his prior convictions.

**AFFIRMED**.