**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4087**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MAXIMILIANO PENALOZA-REBOLLAR, a/k/a Ramiro Pesina, a/k/a
Daniel Aguerre-Rodriguez,

Defendant – Appellant.

**No. 11-4091**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MAXIMILIANO PENALOZA-REBOLLAR, a/k/a Ramiro Pesina, a/k/a
Daniel Aguerre-Rodriguez, a/k/a Tomas Pelaez Isidoro,

Defendant – Appellant.

Appeals from the United States District Court for the Middle
District of North Carolina, at Greensboro. N. Carlton Tilley,
Jr., Senior District Judge. (1:05-cr-00128-NC-UA-1; 1:09-cr-
00415-NCT-1)

Submitted: October 28, 2011          Decided: November 9, 2011

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

J. Clark Fischer, RANDOLPH & FISCHER, Winston-Salem, North Carolina, for Appellant. Ripley Rand, United States Attorney, Terri-Lei O'Malley, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Maximiliano Penaloza-Rebollar appeals the 76-month (combined) sentence imposed upon his guilty plea to one count of illegal reentry after deportation for an aggravated felony, in violation of 8 U.S.C. § 1326 (a), (b)(2) (2006), and revocation of his supervised release. At sentencing, the district court applied a 16-level enhancement, pursuant to U.S. Sentencing Guidelines Manual (USSG) § 2L1.2(b)(1)(A)(ii) (2009), based on a prior conviction for first degree manslaughter.

Penaloza-Rebollar's sole claim on appeal is that the district court erred in applying the enhancement because the conviction was nearly twenty years old. As Penaloza-Rebollar concedes, his 1985 conviction for first degree manslaughter is properly designated as a predicate offense for purposes of USSG § 2L1.2(b)(1)(A)(ii) (defining "aggravated felony" for purposes of enhancing sentence of a deported alien who illegally reenters the United States). However, he argues that the sentencing Guidelines otherwise exclude convictions older than 15 years when calculating criminal history score. See USSG § 4A1.2(e). Therefore, he argues, there is an inconsistency/ambiguity in the Guidelines which, applying the rule of lenity, should be construed in his favor.

3

This court reviews a sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id.; see United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). In determining the procedural reasonableness of a sentence, this court considers whether the district court properly calculated the defendant's Guidelines range, treated the Guidelines as advisory, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 51. A sentence imposed within the properly calculated Guidelines range is presumed reasonable by this court. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010), cert. denied, 131 S. Ct. 3078 (June 27, 2011).

Section 2L1.2(b)(1)(A)(ii) provides for a 16-level increase if a defendant illegally reenters the United States after being convicted of a "crime of violence," including manslaughter. The Application Notes do not provide a time limit applicable to prior convictions. We find that there is no ambiguity or inconsistency between the treatment accorded to prior convictions under USSG § 2L1.2 and criminal history calculations in Chapter 4. See, e.g., United States v. King, 516 F.3d 425, 432 (6th Cir. 2008) ("[T]he structure of Chapter 2

4

- that provisions that intend to apply the time limits of § 4A1.2(e) explicitly invoke Chapter 4 - gives us guidance as to the meaning of § 2D1.1(a)(1) and makes the rule of lenity inapplicable"); see also United States v. Olmos-Esparza, 484 F.3d 1111 (9th Cir. 2007) (upholding § 2L1.2(b) enhancement where prior conviction was more than 15 years old); United States v. Torres-Duenas, 461 F.3d 1178 (10th Cir. 2006); United States v. Camacho-Ibarquen, 410 F.3d 1307 (11th Cir. 2005); United States v. Gonzalez, 112 F.3d 1325 (7th Cir. 1997).

Accordingly, we affirm Penaloza-Rebollar's sentence. We grant Penaloza-Rebollar's motion to file a supplemental brief, but we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED