# United States Court of Appeals
## For the First Circuit

No. 14-2251

JULIET ROSE MCKENZIE LEVESQUE,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General of the United States,[*]

Respondent.

PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Howard, <u>Chief Judge</u>,
Lipez and Barron, <u>Circuit Judges</u>.

<u>Tricia A. Quest</u> and <u>Moretti Perlow & Bonin Law Offices</u> on brief for petitioner.
<u>Lindsay M. Murphy</u>, Trial Attorney, Office of Immigration Litigation, Civil Division, Department of Justice, <u>Benjamin C. Mizer</u>, Acting Assistant Attorney General, Civil Division, and <u>Song Park</u>, Senior Litigation Counsel, on brief for respondent.

September 18, 2015

---

[*] Pursuant to Fed. R. App. P. 43(c)(2), Attorney General Loretta E. Lynch has been substituted for former Attorney General Eric H. Holder, Jr. as respondent.

**HOWARD**, **Chief Judge**. At issue in this immigration case is whether an individual must serve a "term of imprisonment" to have committed an "aggravated felony" as that term is defined in 8 U.S.C. § 1101(a)(43). Relying on the plain language of the statute, we hold that a federal or state conviction can constitute an "aggravated felony" under this law even if the petitioner served no incarcerative sentence for that crime. Accordingly, we deny the petition for review.

In 2011, Petitioner Juliet Rose McKenzie Levesque, a lawful permanent resident, pled guilty to conspiracy to commit wire fraud, bank fraud, and identity fraud. See 18 U.S.C. § 371. The federal district court sentencing Levesque determined that the total amount of loss to the victims was $29,444.22, and thus required Levesque to pay restitution in that amount. The court then ordered a five-year term of probation, although it did not impose any incarcerative sentence.

As a result of this predicate conviction, the Department of Homeland Security initiated removal proceedings against Levesque. See 8 U.S.C. § 1227(a)(2)(A)(iii). In June 2013, an Immigration Judge ordered Levesque removed under this provision, and the Board of Immigration Appeals upheld that decision. This timely appeal followed.

Our review in this case is limited to "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(C); see also

§ 1252(a)(2)(D) (withholding federal jurisdiction, with limited exceptions, of "any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in . . . § 1227(a)(2)(A)(iii) . . ."). Here, Levesque presents a pure question of law that we have the jurisdiction to consider and that we review de novo. See Campbell v. Holder, 698 F.3d 29, 32 (1st Cir. 2012).

We begin with the statutory provisions at the heart of this case. The statute governing Levesque's removal states, "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." § 1227(a)(2)(A)(iii). In turn, "aggravated felony" is defined to include: an offense involving "fraud or deceit in which the loss to the victim or victims exceeds $10,000," § 1101(a)(43)(M)(i), and an attempt to or conspiracy to commit said offense, § 1101(a)(43)(U). Of particular import here, the end of the section defining "aggravated felony" provides that the term:

> applies to an offense described in [§ 1101(a)(43)] whether in violation of Federal or State law and applies to such an offense in violation of the law of a foreign country for which the term of imprisonment was completed within the previous 15 years.

§ 1101(a)(43) (emphases added).

Levesque concedes that her predicate conviction for conspiring to commit wire fraud, bank fraud, and identity fraud,

- 3 -

18 U.S.C. § 371, constitutes an offense "involv[ing] fraud or deceit" under the definition of "aggravated felony." She also does not argue that the amount of loss to the victims was less than $10,000. Instead, she contends that the phrase, "for which the term of imprisonment was completed within the previous 15 years," applies to all convictions (federal, state, and foreign) and that her federal conviction therefore does not constitute an "aggravated felony." She alternatively insists that, at a minimum, the provision is ambiguous.

We make quick work of this argument. The plain language of the statute undoubtedly indicates that the phrase, "the term of imprisonment was completed within the previous 15 years" applies only to those offenses "in violation of the law of a foreign country." Congress' intentional repetition of the phrase "applies to" is critical. The second "applies to" in the provision only does work if there are two separate clauses: one dealing with federal and state offenses, and the other with foreign offenses. That is, the statute is best read as saying that the term aggravated felony "applies to an offense described in [§ 1101(a)(43)] whether in violation of Federal or State law," and distinctly "applies to such an offense in violation of the law of a foreign country for which the term of imprisonment was completed within the previous 15 years." Indeed, if we read the law as Levesque does -- a single clause that is entirely modified by the

15-year temporal limit -- then the second "applies to" in the provision would be entirely redundant.  See Blum v. Holder, 744 F.3d 790, 803 (1st Cir. 2014) (noting that "[a]voidance of redundancy is a basic principle of statutory interpretation") (citation omitted).

Relatedly, Congress' decision to use the disjunctive "or" between "Federal or State," juxtaposed with its choice to use "and" between "Federal or State law . . . and a violation of the law of a foreign country," further underscores this point.  See Loughrin v. United States, 134 S. Ct. 2384, 2390 (2014) (explaining that "or" is "almost always disjunctive"); Bruesewitz v. Wyeth LLC, 562 U.S. 223, 236 (2011) (stating that "linking independent ideas is the job of a coordinating junction like 'and'[]").  The use of "and" strongly suggests that there are two separate clauses in this provision.  This is true, contrary to Levesque's assertion, despite the absence of a comma before the "and."  In fact, it is only if we transformed the "and" to an "or" (i.e., "whether in violation of Federal or State law . . . [or] . . . an offense in violation of the law of a foreign country") that Levesque's reading of the statute would make any sense.  Had Congress intended to write that version of the law, it certainly could have done so.  See United States v. Gitten, 231 F.3d 77, 80-81 (2d Cir. 2000).  But, it plainly did not.

If we had any doubt -- although we have none -- the manner in which Congress added this provision to the law confirms our reading of it. Specifically, when Congress added this clause in 1990, it did so as two independent provisions. Congress stated that section 1101(a)(43) "is amended":

> (5) by adding at the end of the following: "Such term applies to offenses described in the previous sentence whether in violation of Federal or State law.", and
>
> (6) by inserting before the period of the sentence added by paragraph (5) the following: "and also applies to offenses described in the previous sentence in violation of foreign law for which the term of imprisonment was completed within the previous 15 years".

Immigration Act of 1990, §§ 501(a)(5) & (6), Pub. L. No. 101-649, 104 Stat. 4978, 5048. It would have been curious for Congress to have amended the law in this manner if it had intended the 15-year limit to apply to the entire provision.

Accordingly, we join the other circuits that have addressed this issue (either directly, in passing, or in the context of interpreting the sentencing guidelines, see, e.g., U.S.S.G. §2L1.2), and hold that a predicate conviction under federal or state law can constitute an "aggravated felony" under 8 U.S.C. § 1101(a)(43) even when it is not accompanied by a term of imprisonment. See Canto v. Holder, 593 F.3d 638, 640-41 (7th Cir. 2010); United States v. Maturin, 499 F.3d 1243, 1245-46 (11th Cir. 2007); United States v. Olmos-Esparza, 484 F.3d 1111, 1115

(9th Cir. 2007); <u>Gitten</u>, 231 F.3d at 80-81; <u>United States</u> v. <u>Maul-Valverde</u>, 10 F.3d 544, 546 (8th Cir. 1993).

As such, we **deny the petition for review.**